IN THE UNITED STATES DISTICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

**WESCO WIND, LLC**

        **Plaintiff,**

v.                                                                                    Civil Action No. _____

**APEX CLEAN ENERGY HOLDINGS, LLC**
**f/k/a APEX WIND ENERGY HOLDINGS, LLC**

        **Defendant.**

## COMPLAINT

WESCO Wind, LLC ("WESCO"), by counsel, for its Complaint against Apex Clean Energy Holdings, LLC f/k/a Apex Wind Energy Holdings, LLC ("Apex"), states:

### JURISDICTION AND VENUE

1. This cause of action arose out of the parties having transacted business in the City of Charlottesville, Virginia.

2. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.

3. This action involves a controversy between citizens of different states.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

### PARTIES

5. WESCO is an Indiana limited liability company. Its principal place of business is Wells County, Indiana.

6.     Apex is a Delaware limited liability company.  Its principal place of business is in Charlottesville, Virginia.

## COUNT I
## Breach of Contract

7.     WESCO and Apex entered into an Asset Purchase Agreement dated August 5, 2009 (the "Agreement").  A true copy of the Agreement is attached hereto as Exhibit 1.

8.     Material portions of the Agreement were negotiated in and it was executed at least in part in the City of Charlottesville, Virginia.

9.     Apex has breached the terms of the Agreement in the following manner:

a.     Under section 3.1(b) of the Agreement, by failing to make required site control payments which were due commencing in the last quarter of 2015.  Plaintiff is unable to specify the exact number and amount of such payments which are due and remain unpaid because Apex has failed to report to Plaintiff the number of acres of property (in the aggregate) that relate to the Project(s) that have become leased property of Buyer.  Plaintiff has learned of at least a portion of such property from examining information contained on the Apex's web site at http://www.republicwindenergy.com/.

b.     Under section 3.1 (c)(i) of the Agreement, by failing to make required payments associated with the commencement of construction which were due:

(i) Commencing November 5, 2013, with respect to Wells County, Indiana, as evidenced by:  the Construction Services Agreement for Wells County, to which Apex's subsidiary Wells County Wind, LLC is a party, a true copy of which is attached hereto as Exhibit 2 (and which may be located on line at http://www.pjm. com/pub/planning/project-queues/csa/v3_015_csa.pdf); and, on information and belief, by Apex's application for safe

harbor treatment with respect to this project in filings with the United States Internal Revenue Service; and

(ii)  Commencing December 31, 2014 for Huron County, Ohio, as evidenced by: the Construction Services Agreement for Huron County, to which Apex's subsidiary Emerson Creek Wind, LLC is a party, a true copy of which is attached hereto as Exhibit 3 (and which may be located on line at http://www.pjm.com/pub/ planning/project-queues/csa/x1_027A_at12_csa.pdf); and, on information and belief, by Apex's application for safe harbor treatment with respect to this project in filings with the United States Internal Revenue Service.

c. Under section 3.3 of the Agreement, by failing to offer back to WESCO projects Apex has determined not to pursue, the first of which offers should have been made no later than December 2012.  Plaintiff may not be aware of all projects which Apex has determined not to pursue until discovery may be pursued on this matter.

d. Under section 6.5 of the Agreement, by failing to "have at closing sufficient funds available to enable [Apex] to pay the Initial Payment and to consummate the transactions contemplated by [the] Agreement and the Related Agreements."

10. Despite demand having been made by WESCO for Apex to honor these contractual obligations, Apex has failed to cure any of these breaches.

11. WESCO has performed all of its obligations which have arisen under the Agreement as of this date.

12. As a result of Apex' breach of the Agreement, WESCO has suffered damage in an amount subject to proof, but in no event less than $15,000,000.00.

## COUNT II
## Misrepresentation
## (In the Alternative)

13. WESCO incorporates herein by reference all other factual allegations contained in this Complaint.

14. As a material inducement for WESCO to enter into the Agreement, Apex represented to WESCO that Apex had sufficient funds available to enable it to consummate all transactions contemplated by the Agreement and any related agreements.

15. This representation was repeated in paragraph 6.5 of the Agreement.

16. Apex knew that WESCO was relying on these representations in agreeing to enter into the Agreement.

17. On information and belief, Apex knew at the time it made this representations that it did not have sufficient funds available to enable it to consummate all transactions contemplated by the Agreement and any related agreements.

18. Indeed, during the negotiations leading up to the execution of the Agreement, to assure WESCO that Apex would have sufficient funds available to enable it to consummate all the transactions contemplated by the Agreement and any related agreements, Apex informed WESCO that Apex would not be purchasing any more developments and they would be focusing on the WESCO projects first.

19. However, unbeknownst to WESCO, Apex was negotiating to purchase another set of wind projects in Oklahoma, which they closed on approximately 30 days after closing on the Agreement with WESCO.

20. In negotiating the Agreement with WESCO, while at the same time negotiating a separate asset purchase agreement with a set of wind projects in Oklahoma and tying up its

resources and funds in that endeavor, Apex never intended to have sufficient funds available to enable it to consummate all transactions contemplated by the Agreement and any related agreements.

21. But for this misrepresentation, WESCO would not have entered into the Agreement.

22. Apex refused for a period of approximately six months to respond to WESCO's invoices and other communications requesting that it discharge its obligations under the Agreement.

23. As a result of Apex's misrepresentation, WESCO would be entitled to rescission of the Agreement.

24. Because of the passage of time, the existence of partial performance and changes in the marketplace since the execution of the Agreement, rescission may no longer be an adequate remedy or practicable. For this reason, WESCO requests that the Court determine the adequacy of rescission as a remedy in this case and that, if it determines adequate rescission cannot be achieved, it award WESCO damages in lieu of rescission or in addition to partial rescission, including a disgorgement of any profits realized by Apex. In the event damages are awarded, WESCO states that it has suffered damage in an amount subject to proof, but in no event less than $15,000,000.00

25. Apex's actions were willful and in reckless disregard for the rights of WESCO, for which Apex should be assessed punitive and exemplary damages.

WHEREFORE, WESCO respectfully requests that the Court enter judgment in its favor against Apex as follows:

  A. Under Count I, finding that Apex is in breach of the Agreement and awarding WESCO damages in an amount determined at trial;

  B. In the alternative, under Count II finding that Apex is guilty of material misrepresentation and awarding WESCO rescission of the Agreement or, if the Court determines adequate rescission cannot be achieved, that it award WESCO damages in lieu of rescission or in addition to partial rescission;

  C. Under Count II, that punitive and exemplary damages in the amount of $1,000,000 be assessed against Apex; and

  D. That WESCO be granted such other and further relief as the Court may deem appropriate.

            Respectfully Submitted,

            WESCO WIND, LLC

            By counsel

/s/ Edward B. Lowry
Edward B. Lowry, Esquire (VSB #12199)
Jordan E. McKay, Esquire (VSB #80681)
MichieHamlett PLLC
500 Court Square, Suite 300
Charlottesville, VA 22902
(434) 951-7220 Direct Dial
(434) 951-7240 Direct Fax
elowry@michiehamlett.com
jmckay@michiehamlett.com